UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Aimee Lespron and Stacey Smith, ) | | |
| ) | | |
| Plaintiffs, ) | | 2:10-cv-1760 JWS |
| ) | | |
| vs. ) | | ORDER AND OPINION |
| ) | | |
| Tutor Time Learning Center, LLC, *et al.*, ) | | [Re: Motion at docket 76] |
| ) | | |
| Defendants. ) | | |

## I. MOTION PRESENTED

At docket 76, Aimee Lespron ("Lespron") and Stacey Smith ("Smith") (collectively "Plaintiffs") move for an order *in limine* precluding defendants Tutor Time Learning Centers, LLC ("TTL"); Learning Care Group, LLC ("LCG"); Michelle Casillas and John Doe Casillas (collectively "Defendants") from introducing evidence at trial concerning an incident in March of 2009 in which Stacey Smith was disciplined for restraining a child by placing her legs on the child. Defendants' response is at docket 77. No reply was filed. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

TTL and LCG owned a child care facility in Queen Creek, Arizona, where Plaintiffs were employed as teachers. Plaintiffs each became pregnant in the Spring of

2009. Lespron was separated from her employment in August of 2009, and Smith was separated from her employment in September of 2009. Plaintiffs contend that the separations were a constructive discharge resulting from a substantial reduction in work hours and further allege that the constructive discharge occurred because each was pregnant. Defendants deny that Plaintiffs' treatment was the result of discrimination based on Plaintiffs' pregnancies.

Readers unfamiliar with the details of this litigation may wish to read the summary judgment order issued by Judge Wake, which is at docket 51 and the Ninth Circuit's memorandum decision which is at docket 65-1. Judge Wake recently recused, and the case was re-assigned by random draw to the undersigned judge.[1]

### III.  DISCUSSION

Evidence which is not relevant to an issue in a lawsuit may not be admitted into evidence.[2] Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury.[3] The evidence which is the subject of the motion at hand is evidence of Smith's disciplinary history which would show that Smith was disciplined because she used her legs to restrain a child under her supervision.

Plaintiffs argue that the evidence is not relevant, because it played no role in either the reduction of Smith's work hours or her separation from employment.

---

[1] Doc. 78.

[2] "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

[3] Fed. R. Evid. 403.

-2-

Plaintiffs rely on deposition testimony by defendant Michelle Colbert (previously known as Michelle Casillas) who determined how to implement the reduction in staff hours associated with the decreasing number of children at the facility. In the passage relied upon by Plaintiffs, Colbert is asked, "So I think you told me that [Smith's] separation from the company didn't have anything to do with the incidents we just discussed [viz.] not reporting Dawn pinching [a child] and putting her legs over a child. Is that right?" To which Colbert responded, "That is correct."[4]

The court has trouble treating the response as determinative of the relevance of Smith's disciplinary history in Colbert's decision to reduce Smith's hours. Given the precise question asked, it would have been reasonable for Colbert to answer the question in the way she did because it asked about the separation from employment and that was the direct result of Smith's failure to come to work. The reduction in hours was a step removed from the separation itself and its connection to the separation was determined by Smith, not by Colbert. Plaintiffs do not point to any deposition question in which Colbert was asked if the "legs" incident or any other aspect of Smith's disciplinary history played a role in Colbert's decision to reduce Smith's hours.[5]

In contrast to the deposition testimony in which Colbert was not asked what role, if any, Smith's disciplinary history had on Colbert's decision to reduce her hours, her Declaration points to numerous factors she considered, including Smith's disciplinary

---

[4] Deposition of Michelle Colbert at p. 26 of the deposition, doc. 76-2 at p. 3.

[5] The court does not have access to a complete deposition transcript, but relies on the proposition that if such testimony existed, Plaintiffs would call it to the court's attention.

history which entered into her decision about whose hours to reduce.[6]  In sum, Plaintiffs' argument that Smith's disciplinary history is irrelevant based on the single question and answer in Colbert's deposition is not persuasive.

Plaintiffs also contend that Smith's disciplinary problems were not referenced in TTL's response or supplemental response to the EEOC.  The original response advised that Smith was separated because she failed to show up for work for two consecutive days and further asserted that actions taken by the employer were not related to Smith's pregnancy.  Some other details were included, such as the assertion that Smith refused an opportunity to work additional hours, but there is no mention made of disciplinary problems.  There are several reasons why the original response is insufficient to support the conclusion Plaintiffs would have the court draw.  First, the court has not been provided with a copy of the underlying EEOC complaint rendering it impossible to confidently assess the significance of the original response.  Second, the response reserved the right to add additional information as it was discovered.  Third, and related to the second point, there is no indication that Michelle Colbert had any input into the original response.

Michelle Colbert was one of the people who provided information for the supplemental response, but it was by its nature primarily limited to answering specific inquires from the EEOC, which are identified in the supplement.  There is no inquiry about disciplinary issues, although there was a request for Smith's personnel file.  The file was provided and presumably did contain her disciplinary history.

---

[6]Declaration of Michelle Colbert at doc. 76-5,  originally filed as part of  doc. 40-2 in support of Defendants' motion for summary judgment.

-4-

Standing alone, and even in combination with Colbert's deposition testimony, the original and supplemental response do not establish that Smith's disciplinary history was irrelevant to Colbert's decision as to which employees' hours would be reduced. The court concludes that Smith's disciplinary history is relevant to the issues to be litigated.

Plaintiffs also argue that even if relevant, Smith's disciplinary history should be excluded for other reasons. First, they assert that admitting evidence of that history would violate Ariz.. R. Ev. 404(b). Of course, the rules of evidence which will apply at trial in this case are the Federal Rules of Evidence. The court assumes Plaintiffs meant to refer to Fed. R. Evid. 404(b). In any event for present purposes, Fed. R. Evid. 404(b) and Ariz. R. Evid. 404(b) are substantively equivalent.

Rule 404(b) precludes use of crimes, wrongs or other prior bad acts to show that a person's more recent action conformed to the earlier action (with certain exceptions relating to motive, opportunity, intent, and the like). However, Rule 404(b) is not relevant to the issue raised by Plaintiffs' motion. Defendants would not be using evidence of Smith's disciplinary history to show that Smith acted in conformity with the behavior which resulted in disciplinary action. Rather, Defendants would use the evidence to show that Colbert's action was informed by her knowledge of Smith's disciplinary history.

Plaintiffs also argue that evidence of Smith's disciplinary history should be excluded pursuant to Ariz. R. Ev. 403. Again, the relevant rule is the corresponding federal rule, Fed. R. Evid. 403. In this instance the two rules are identical. Rule 403 provides that a court may exclude relevant evidence whose "probative value is

-5-

substantially outweighed" by the danger that it would result in "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Plaintiffs urge that evidence of Smith's disciplinary history would result in undue prejudice, confuse the issues, and mislead the jury. Plaintiffs do not elaborate beyond the bare assertion that these consequences would flow from allowing the jury to hear the evidence.

Smith's disciplinary history has probative value because Colbert will testify that it played a role in her selection of Smith as one of the employees whose hours would be reduced. The incidents in the disciplinary record do not reflect well on Smith's behavior around children, but they are unlikely to result in serious prejudice. What parent has not had an urge to restrain a recalcitrant child? Indeed, most parents probably have done so in one way or another. Smith's actions won't raise her esteem in the eyes of the jury, but they do not represent conduct that would generate serious prejudice.

The court does not see how testimony from Colbert, which identifies the disciplinary history as one factor among many considered in making her decision, would confuse the issues or mislead the jury. The jury will understand that it has to evaluate all of the evidence in deciding whether what really motivated Colbert was Smith's state of pregnancy. Furthermore, cross-examination can be relied upon to keep all of the evidence in perspective. In that regard, it should be added that although the court is not persuaded that Colbert's deposition testimony rendered the disciplinary history irrelevant, it provides material for cross-examination aimed at showing Colbert did not actually rely on that disciplinary history.

## IV.  CONCLUSION

For the reasons above, the motion at docket 76 is DENIED.

DATED this 7th day of May 2014.

                              /S/
                    JOHN W. SEDWICK
           UNITED STATES DISTRICT JUDGE